1  Carla G. McClurg, CSB #227738
   Office of the United States Trustee
2  620 SW Main Street Rm. 213
   Portland, OR 97205
3  Telephone: (503) 326-7659

4       Attorney for Robert D. Miller Jr., Acting Region 18 United States Trustee

5

6

7

8              UNITED STATES BANKRUPTCY COURT

9                FOR THE DISTRICT OF OREGON

10  In re                          )    Case No. 09-36520-rld7
                                    )
11  Nicholas Carl Howell,          )
                                    )
12                                  )
    Debtor                         )
13  United States Trustee,         )    Adversary No. 10-03040-rld
                                    )
14  Plaintiff,                     )
                                    )
15          v.                      )    UNITED STATES TRUSTEE'S
                                    )    COMPLAINT FOR DENIAL OF
16  Nicholas Carl Howell,          )    DISCHARGE
                                    )
17  Defendant                      )

18

19       Robert D. Miller Jr., Acting United States Trustee, the plaintiff, respectfully

20  alleges:

21       1.      This court has jurisdiction over this adversary proceeding pursuant to

22  28 U.S.C. §1334 and 28 U.S.C. §157.  This adversary proceeding relates to the

23  chapter 7 bankruptcy case of In re Nicholas Carl Howell, Case No. 09-36520-rld7,

24  pending in the United States Bankruptcy Court for the District of Oregon, Portland

25  Division.  The matter in controversy arises under 11 U.S.C. §727(a).  It is a core

26  proceeding pursuant to

1   28 U.S.C. §157(b)(2)(J).  Venue is proper pursuant to 28 U.S.C. §1409.

2       2.      The plaintiff is authorized to file this complaint pursuant to

3   11 U.S.C. §727(c).

4       3.      The defendant debtor, Nicholas Carl Howell, filed this voluntary

5   chapter 7 bankruptcy case on August 12, 2009.  The deadline within which to

6   object to the defendant's bankruptcy discharge is February 17, 2010.  This

7   complaint is timely filed.

8       4.      On or about August 12, 2009, the defendant signed his bankruptcy

9   petition under penalty of perjury.  The defendant's petition was filed on August 12,

10  2009.

11      5.      On or about September 9, 2009, the defendant signed his schedules,

12  statements, and related documents (the "Bankruptcy Documents") under penalty of

13  perjury.  The Bankruptcy Documents were filed on September 10, 2009.

14      6.      On or about October 26, 2009, the defendant signed his amended

15  Statement of Financial Affairs, and amended Schedules A, B, C, I and J (the

16  "Amended Bankruptcy Documents").  The Amended Bankruptcy Documents were

17  filed on October 27, 2009.

18      7.      On September 18, 2009, the defendant testified under oath at his

19  meeting of creditors pursuant to 11 U.S.C. § 341.  At his meeting of creditors, the

20  defendant testified that the Bankruptcy Documents were true and correct and that

21  he listed all of his assets and creditors.

22      8.      On December 18, 2009, the plaintiff conducted a Fed. R. Bankr. P.

23  2004 examination of the defendant.  The defendant testified under oath at his Fed.

24  R. Bankr. P. 2004 examination.

25

26

1

**The Defendant's Business**

2      9.     The defendant has worked for companies providing services related

3  to athletic racing events most of his adult life.  In or about 2002 or 2003, the

4  defendant started his own race timing business under the name

5  AthletesLounge.com, LLC. The defendant was a member of AthletesLounge.com,

6  LLC at all relevant times.

7      10.    In or about 2003 or 2004, AthletesLounge.com, LLC expanded to

8  providing online race registration services and to selling bicycles at three different

9  retail locations.  Keith Willis was the defendant's business partner in the retail

10  bicycle sales for  AthletesLounge.com, LLC.

11     11.    On or about January 1, 2005, the defendant signed an agreement

12  relinquishing control of the retail bicycle sale portion of the AthletesLounge.com,

13  LLC business to Mr. Willis.  After the defendant relinquished control of the retail

14  bicycle sale business to Mr. Willis, the defendant used the assumed business

15  names "Athletes Lounge" to operate the timing and online race registration

16  business.

17     12.    On the defendant's Schedule B and amended Schedule B, he

18  disclosed accounts receivable in the amount of $12,000 for Athletes Lounge in

19  response to item 16.

20     13.    The defendant testified at his Fed. R. Bankr. P. 2004 examination

21  that the $12,000 in accounts receivable disclosed on his Schedule B and amended

22  Schedule B was correct.

23     14.    According to the defendant's business records, Athletes Lounge had

24  receivables owed to it in the total amount of at least $165,595.63 as of the petition

25  date.

26

15.    The defendant testified at his Fed. R. Bankr. P. 2004 examination that he did not receive any checks for Athletes Lounge after the petition date for services performed before bankruptcy.

16.    The defendant also testified at his Fed. R. Bankr. P. 2004 examination that the only monies he received for any businesses under his control after the petition date were for services rendered after the petition date.

17.    The defendant testified that as of the date of his Fed. R. Bankr. P. 2004  examination that the new business entities he formed and operated after filing bankruptcy, J-Chip USA, LLC and BrandXReg.com, LLC, had received total income of $50,000 for various projects.

18.    Between August 14, 2009 and November 30, 2009 a total of $292,755.74 was deposited into Bank of America account number ending 1429 held in the name of the defendant as a sole proprietor for PM Events, a former business name used by the defendant.

**The Cashier's Checks**

19.    On August 11, 2009, the defendant obtained a cashier's check payable to himself in the amount of $9,000 from account number ending 1977 located at The Commerce Bank held in the name of Nick Howell dba Athleteslounge.com (the "TCB Account").

20.    The plaintiff has requested that the defendant account for the disposition of the $9,000 cashier's check.  The defendant has failed to provide the plaintiff with documentation regarding his receipt and disposition of the $9,000 cashier's check.

21.    Bank records for the defendant reflect a deposit of $9,000 on or about August 13, 2009 into a Morgan Stanley Smith Barney held in the name of the defendant (the "Personal MSSB Account").  The plaintiff does not have

1  sufficient information at this time to determine if the $9,000 cashier's check was

2  deposited into the Personal MSSB Account.

3      22.    On August 12, 2009, before the defendant signed his petition, he

4  deposited $10,199.52 into a Morgan Stanley Smith Barney account held in the

5  name of Athleteslounge.com, LLC (the "Business MSSB Account").

6      23.    At the time the defendant made the deposit on August 12, 2009, he

7  obtained one or more cashier's checks payable to himself in the total amount of

8  $5,000.   The defendant testified at his Fed. R. Bankr. P. 2004 examination that he

9  believed he obtained two cashier's checks totaling $5,000 from the Business

10 MSSB Account on August 12, 2009.

11     24.    The plaintiff has requested that the defendant account for the

12 disposition of the cashier's check(s) totaling $5,000.   The defendant has failed to

13 provide the plaintiff with documentation regarding his receipt and disposition of

14 the cashier's check(s) totaling $5,000.

15     25.    On the defendant's Schedule B and amended Schedule B, the

16 defendant disclosed cash on hand of $2,400.   The defendant did not disclose

17 cashier's checks in his possession on his Schedule B and amended Schedule B.

18     26.    At the defendant's meeting of creditors on September 10, 2009, the

19 defendant testified that the $2,400 in cash disclosed on Schedule B was correct.

20     27.    The defendant also testified at his Fed. R. Bankr. P. 2004

21 examination that the $2,400 in cash on hand listed on his Schedule B and amended

22 Schedule B was correct.   The defendant testified that he believed the $2,400 was a

23 deposit he made into his wife's bank account.

24     28.    When the defendant signed his bankruptcy petition on the afternoon

25 of August 12, 2009, the balance in the Business MSSB Account was

26 approximately $5,764.40.

29.    On his Schedule B and amended Schedule B, the defendant only disclosed a balance of $780 in the Business MSSB Account.

**The Defendant's Income**

30.    The defendant disclosed income in the amount of $43,200 for the period of January 1, 2009 through August 12, 2009 from Athletes Lounge on his Statement of Financial Affairs and amended Statement of Financial Affairs.

31.    From January 1, 2009 through August 11, 2009 a total of $81,304.13 was deposited into a Consolidated Federal account held in the name of the defendant and his wife, Heather Howell (the "Joint CF Account").

32.    Between January 1, 2009 and August 11, 2009, a total of at least $19,580.08 of the defendant's personal and household expenses were paid from the Business MSSB Account.

33.    Between January 1, 2009 and August 11, 2009, a total of at least $2,475.00 of the defendant's personal and household expenses were paid from the TCB Account.

**The Commerce Bank Account**

34.    From April 1, 2009 through August 11, 2009 a total of $316,707.10 in check payments cleared the TCB Account.

35.    The plaintiff cannot identify the payees for the check payments described in paragraph 34 above from the documents provided by the defendant. The plaintiff requested books and records from the defendant for all business accounts, including the TCB Account, and did not receive documentation identifying the payees of checks that cleared the TCB Account.

/ / /

/ / /

/ / /

**FIRST CLAIM FOR RELIEF**

**Denial of Discharge - 11 U.S.C. §727(a)(4)(A)**

**False Statement in Bankruptcy Documents**

36.    The plaintiff realleges paragraphs 1 through 35 above.

37.    The defendant's discharge should be denied pursuant to 11 U.S.C. § 727(a)(4)(A) because he knowingly and fraudulently made false statements in the Bankruptcy Documents in one or more of the following material respects:

    a.    By representing that Athletes Lounge only had accounts receivable in the amount of $12,000 on Schedule B;

    b.    By failing to disclose the cashier's check in the amount of $9,000 on Schedule B;

    c.    By failing to disclose the cashier's check(s) totaling $5,000 on Schedule B;

    d.    By representing that the Business MSSB Account had a balance of only $780 on Schedule B; and

    e.    By representing that his income was only $43,200 for the period of January 1, 2009 through August 12, 2009 on his Statement of Financial Affairs.

38.    The defendant's discharge should be denied pursuant to 11 U.S.C. § 727(a)(4)(A) because he knowingly and fraudulently made false statements in the Amended Bankruptcy Documents in one or more of the following material respects:

    a.    By representing that Athletes Lounge only had accounts receivable in the amount of $12,000 on his amended Schedule B;

    b.    By failing to disclose the cashier's check in the amount of $9,000 on

1    his amended Schedule B;

2    c.    By failing to disclose the cashier's check(s) totaling $5,000 on his

3         amended Schedule B;

4    d.    By representing that the Business MSSB Account had a balance of

5         only $780 on his amended Schedule B; and

6    e.    By representing that his income was only $43,200 for the period of

7         January 1, 2009 through August 12, 2009 on his amended Statement

8         of Financial Affairs

9                    **SECOND CLAIM FOR RELIEF**

10               **Denial of Discharge - 11 U.S.C. §727(a)(4)(A)**

11          **False Oath or Account During Meeting of Creditors**

12    39.    The plaintiff realleges paragraphs 1 through 35 above.

13    40.    The defendant's discharge should be denied pursuant to

14    11 U.S.C. § 727(a)(4)(A) because he knowingly and fraudulently made materially

15    false statements under oath during the meeting of creditors in one or more of the

16    following respects:

17    a.    When he testified that the Bankruptcy Documents were true and

18    correct;

19    b.    When he testified that he listed all of his assets on the Bankruptcy

20         Documents; and

21    c.    When he testified that the amount of cash on hand he disclosed in the

22         Bankruptcy Documents was correct.

23                    **THIRD CLAIM FOR RELIEF**

24               **Denial of Discharge - 11 U.S.C. §727(a)(4)(A)**

25       **False Oath or Account During Fed. R. Bankr. P. 2004 Examination**

26    41.    The plaintiff realleges paragraphs 1 through 35 above.

42.    The defendant's discharge should be denied pursuant to
11 U.S.C. § 727(a)(4)(A) because he knowingly and fraudulently made materially
false statements under oath during his Fed. R. Bankr. P. 2004 examination in one
or more of the following respects:

    a.    When he testified that the amount of accounts receivables for
Athletes Lounge disclosed on his Schedule B and amended Schedule
B was correct;

    b.    When he testified that he did not receive any checks for Athletes
Lounge after the petition date for services performed before
bankruptcy;

    c.    When he testified that the only monies he received for any
businesses under his control after the petition date were for services
rendered after the petition date;

    d.    When he testified that as of the date of his Fed. R. Bankr. P. 2004
examination that J-Chip USA, LLC and BrandXREg.com, LLC only
received income in the total amount of $50,000; and

    e.    When he testified that the $2,400 in cash on hand disclosed on his
Schedule B and amended Schedule B was correct.

**FOURTH CLAIM FOR RELIEF**

**Denial of Discharge - 11 U.S.C. §727(a)(2)(A)**

**Pre-petition Concealment, Transfer or Removal of Property**

43.    The plaintiff realleges paragraphs 1 through 35 above.

44.    The defendant's discharge should be denied pursuant to
11 U.S.C. § 727(a)(2)(A) because, with intent to hinder, delay, or defraud a
creditor or the chapter 7 trustee, the defendant transferred, removed or concealed at
least one or more of the following items of property before his bankruptcy case

1    was filed:

2        a.        The $9,000 cashier's check; and

3        b.        The cashier's check(s) totaling $5,000.

4                        **FIFTH CLAIM FOR RELIEF**

5                **Denial of Discharge - 11 U.S.C. §727(a)(2)(B)**

6        **Post-petition Concealment, Transfer or Removal of Property**

7        45.        The plaintiff realleges paragraphs 1 through 35 above.

8        46.        The defendant's discharge should be denied pursuant to

9    11 U.S.C. § 727(a)(2)(B) because, with intent to hinder, delay, or defraud a creditor or the

10    chapter 7 trustee, the defendant transferred, removed or concealed at least one or more of

11    the following items of estate property after his bankruptcy case was filed:

12        a.        The $9,000 cashier's check; and

13        b.        The cashier's check(s) totaling $5,000.

14                        **SIXTH CLAIM FOR RELIEF**

15                **Denial of Discharge - 11 U.S.C. §727(a)(3)**

16            **Failure to Keep or Preserve Books and Records**

17        47.        The plaintiff realleges paragraphs 1 through 35 above.

18        48.        The defendant's discharge should be denied pursuant to

19    11 U.S.C. § 727(a)(3) because he failed to keep books, documents, records, and papers

20    from which his financial condition might be ascertained, including books or records

21    pertaining to the following topics:

22        a.        The disposition of the $9,000 cashier's check;

23        b.        The disposition of the cashier's check(s) totaling $5,000; and

24        c.        The disposition of the  $316,707.10 in check payments that cleared the TCB

25    Account from April 1, 2009 through August 11, 2009.

26

1

## SEVENTH CLAIM FOR RELIEF

2

### Denial of Discharge - 11 U.S.C. §727(a)(5)

3

### Failure to Explain Satisfactorily the Loss and/or Deficiency of Assets

4      49.    The plaintiff realleges paragraphs 1 through 35 above.

5      50.    The defendant's discharge should be denied pursuant to

6  11 U.S.C. § 727(a)(5) because he failed to explain satisfactorily the loss of assets and/or

7  deficiency of assets to meet their liabilities, in one or more of the following respects:

8      a.    By failing to account for the disposition of the cashier's check(s) totaling

9          $5,000;

10     b.    By failing to account for the disposition of the $9,000 cashier's check; and

11     c.    By failing to account for the disposition of the  $316,707.10 in check

12  payments that cleared the TCB Account from April 1, 2009 through August 11, 2009.

13     WHEREFORE, plaintiff United States Trustee prays:

14     1.    That the defendant's discharge be denied.

15     2.    That the plaintiff be awarded costs as allowed by the court.

16     3.    For such other and further relief as the court deems just and proper.

17         Dated this 17th day of February, 2010.

18                             Respectfully submitted,

19                             ROBERT D. MILLER JR.
                               Acting United States Trustee

20

21          /s/ Carla G. McClurg
                               CARLA G. McCLURG, CSB #227738
22                             Trial Attorney

23

24

25

26